IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

WILLIAM HARRISON D/B/A                                                                                       PLAINTIFF
BILL HARRISON AND ASSOCIATES, INC.

V.                                                                              CIVIL ACTION NO. 1:13-CV-179-SA-DAS

ASHI DIAMONDS, LLC                                                                                          DEFENDANT

## **ORDER**

This matter comes before the Court on Defendant's Motion to Transfer [7] requesting that this action be transferred to the United States District Court for the Southern District of New York. Plaintiff filed his Response in Opposition [10] but later withdrew that objection [15].

Pursuant to 28 U.S.C. § 1404(a), venue may be transferred "for the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought or to any district or division to which all parties have consented." Further, the Fifth Circuit has recognized that a motion to transfer venue should be granted if "the movant demonstrates that the transferee venue is clearly more convenient" considering (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) the local interest in having localized interests decided at home; (6) the administrative difficulties flowing from court congestion; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws. In re Volkswagen of Am., Inc. (Volkswagen II), 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

Here, Plaintiff does not dispute that all claims are controlled by New York law. Further, Defendant filed the affidavit of Rajeev Pandya, a partner in Ashi Diamonds, LLC, in support of its

motion wherein Pandya avers that "[t]he vast majority of persons with knowledge related to the referenced charges made by Harrison live in or work in or around New York City." Pandya specifically references six potential witnesses, in addition to himself, who are residents of New York. Pandya also avers that "[a]ll, or substantially all, original documents related to . . . any of the matters made the basis of the referenced claims asserted by Harrison will be located at Ashi's corporate headquarters in New York City." Considering this undisputed testimony in light of the factors previously outlined by the Fifth Circuit, the Court finds Defendant's motion is well taken and a transfer of venue is proper.

Accordingly, Defendant's Motion is GRANTED. The clerk is hereby directed to transfer this action to the United States District Court for the Southern District of New York, which shall preside over any and all further proceedings.

SO ORDERED, this the 8th day of January, 2014.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE